UNITED STATES of America,
Appellee,

v.

Pedro PADRONE, Appellant.

No. 326, Docket 32899.

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1969.

Decided Jan. 16, 1969.

David A. Luttinger, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York and Elkan Abramowitz, Asst. U. S. Atty., on the brief), for appellee.

Jerald Rosenthal, New York City (N. Henry Lindenauer, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM:

We reverse in open court the conviction of Pedro Padrone for narcotics violation and his sentence as a second felony offender because of the government's conceded and inadvertent failure to make available to defense counsel, as had been ordered by Judge Pollack on April 2, 1968, its record of a statement taken from the defendant by an Assistant United States Attorney after his arrest.

The three-page statement form was handed to Judge Pollack at the hearing of the motion for inspection on April 2, and after examining it he signed a memorandum order which directed the government to "furnish to defendant for inspection the document submitted to the Court for examination, and * * * to furnish defendant Padrone with copies of any statements recorded by any Government agency in the possession or knowledge of the U. S. Attorney, including transcripts or any recordings of statements of said defendant." At the hearing defense counsel did not see the statement and was not advised of its contents. The government concedes, as it must, that a copy of the statement should have been furnished the defendant. Through inadvertence, apparently because one Assistant took the statement, another Assistant represented the government at the April 2 hearing and a third Assistant was trial counsel, no copy was ever furnished nor was counsel in any way apprised of its contents before trial.

At trial, before the district court, without a jury, Padrone took the stand and denied any connection with the narcotics sale. On cross-examination, the government counsel asked several questions which were apparently based upon what Padrone had said to the Assistant who recorded it in the three-page statement. When the statement was produced and marked for identification, defense counsel promptly objected. The trial judge thereupon forbad further use of the statement but refused to strike all prior questions based upon it.

Although no further relief was requested at trial, defendant now argues that he was seriously prejudiced by the government's actions, because he and his counsel were compelled to decide upon a defense strategy without the benefit of the statement which the court, several weeks before, had directed be made available, and because the statement was used as the basis for questions on cross-examination.

■■ We believe that noncompliance with an order to furnish a copy of a statement made by the defendant is so serious a detriment to the preparation for trial and the defense of serious criminal charges that where it is apparent, as here, that his defense strategy may have been determined by the failure to comply, there should be a new trial. Of course there may be cases where such a sanction is not called for, as where the statement consists of denials or the like and there is no prejudicial inconsistency between the defense and the statement which is withheld. But here it is obvious that there was a wide discrepancy between what the defendant claimed at trial and what he had stated after his arrest. For example, upon arrest Padrone apparently gave information concerning the source of the cocaine which the government alleges he participated in selling, whereas at trial he denied any knowledge of the cocaine or its source. Had defense counsel known the contents of the statement, he might well have advised Padrone not to take the stand.

■■■

The government argues that the trial court's exclusion of the statement properly remedied the government's failure to comply with the inspection order, relying on Rule 16(g), Fed.Rules of Crim.Proc. We think, however, that under the circumstances, the trial judge should have asked defense counsel if he desired to move for a mistrial and then he should have granted one if it was requested. In short, we believe the government's omission to be of such nature that we must take note of it and, even though counsel did not request it at the time, that a new trial should be ordered.

Conviction reversed and new trial ordered. The government is directed to comply with the district court's order of April 2, 1968.