**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl Raymond BURGESS,
Defendant-Appellant.**

No. 85–3113.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1986.

Decided June 5, 1986.

William Redkey, Jr., Seattle, Wash., for plaintiff-appellee.

Patrick D. McVey, Seattle, Wash., for defendant-appellant.

Before WRIGHT and ANDERSON, Circuit Judges, and CROCKER, Senior District Judge *.

CROCKER, Senior District Judge.

Carl Raymond Burgess appeals from his conviction for conspiring to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846; of carrying a firearm in relation to a crime of violence and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(h), 924(a) and 924(c).

The conviction arose from a drug transaction with Special Agent Soto (S/A Soto)

---

* The Honorable M.D. Crocker, Senior District Judge, Eastern District of California, sitting by designation.

**678**

of the Drug Enforcement Administration (DEA) on February 14, 1985, at Bellevue, Washington. A Second Superseding Indictment charged Burgess and three co-defendants in the drug conspiracy and distribution, and Burgess and co-defendant David Price with firearms violations. Co-defendant Everett Lee Burdick plead guilty to the charges and testified as a government witness at the jury trial of Burgess and Price. Burgess challenges the trial court's denial of his motion to sever the felon in possession of a firearm charge for trial, the trial court's jury instruction with regard to aiding and abetting, and the imposition of the sanction of suppression for the Government's failure to timely comply with Fed.R. Crim.P. 16(a). We affirm.

I

## SEVERANCE OF THE FIREARMS COUNT

Pursuant to Rule 12(b)(5), Fed.R.Crim.P., Burgess made a pretrial motion to sever Count IV, felon in possession of a firearm, because of prejudice on the grounds that the evidence necessary to prove that count would be inadmissible in a trial of the other charges. Burgess does not dispute the propriety of the joinder of the charges, but contends that the denial of his motion for severance to avoid prejudice was error.

■ In this circuit, to preserve the issue on appeal, a motion to sever must be renewed at the close of the evidence or it is waived. *See, e.g., United States v. Monks,* 774 F.2d 945, 949 (9th Cir.1985); *United States v. Guess,* 745 F.2d 1286, 1289 (9th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985); *United States v. Barker,* 675 F.2d 1055, 1058–59 (9th Cir.1982) [an unrelated holding in *Barker* was overruled in *United States v. DeBright,* 730 F.2d 1255 (9th Cir.1984)]. *See also United States v. Kaplan,* 554 F.2d 958, 966 (9th Cir.), *cert. denied,* 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977) [diligent pursuit of a severance motion is the guiding principle]; and *Williamson v. United States,* 310 F.2d 192, 197 (9th Cir.1962) [failure to renew request for severance at close of evidence suggests that prejudice now asserted to have resulted from the joinder may not have seemed so substantial to appellant in the context of trial].

Burgess did not renew his motion to sever either during trial or at the close of evidence. Accordingly, the issue was not preserved on appeal.

Burgess argues that the recent decision in *United States v. Lewis,* 787 F.2d 1318 (9th Cir.1986), and the decision in *United States v. Busic,* 587 F.2d 577 (3d Cir.1978), *rev'd on other grounds,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), require reversal. It is appropriate to note here that *United States v. Lewis, id.,* does not indicate whether the motion to sever was renewed and thus preserved on appeal.

■ However, even if Burgess had preserved the issue on appeal, there was no error. Denial of a properly preserved motion for severance is reviewed for abuse of discretion. *United States v. DiCesare,* 765 F.2d 890, 898 (9th Cir.), *modified on other grounds,* 777 F.2d 543 (9th Cir.1985); *United States v. Irvine,* 756 F.2d 708, 712 (9th Cir.1985). The test is whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way. *United States v. Nolan,* 700 F.2d 479, 482 (9th Cir.), *cert. denied,* 462 U.S. 1123, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983); *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). In *Lewis,* 787 F.2d at 1323, this court undermined the effectiveness of cautionary instructions when it stated: "We share the D.C. Circuit's skepticism of the efficacy of such instructions no matter when they are given."

In dictum, *United States v. Busic, supra,* at 585, set out an "independently admissible" test for ruling on pretrial motions for severance of charges, *i.e.,* if the prior convictions would not be independently admissible on the other counts, then sever-

ance must be granted. In addressing this test, *Lewis*, 787 F.2d at 1322, declined to adopt such a *per se* rule, stating: "... but [we] recognize that the danger that the jury's perception of the defendant will be adversely affected by the evidence of the prior crimes is so strong as to create a presumption favoring severance. It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts, ... than it is to compartmentalize evidence against separate defendants joined for trial."

The *Lewis* court found no abuse of discretion in failure to sever the conspiracy and bank larceny charges from the felon in receipt of a firearm charge, but reversed the conviction on the killing to avoid apprehension charge for failure to sever it from the firearms charge. The court pointed out that the evidence on the killing charge was sparse as against Lewis, that the prior conviction was identified as first degree burglary, that Lewis had lied under oath to secure one of the guns involved in the bank larceny, and that the prosecution referred to Lewis in the opening statement as a convicted felon who used at least two aliases. Further, the Court did not instruct the jury to consider the evidence on each count separately until the third day of trial. These facts produced manifest prejudice requiring reversal of the conviction on the killing charge for failure to sever. Since all of the facts enumerated above, except the sparsity of evidence as to the killing charge, applied to all charges, the paucity of evidence produced on the killing charge was a critical factor in finding manifest prejudice as to that count.

Burgess' prior conviction was entered on the record by stipulation which simply stated that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Neither the nature of the crime nor the length of sentence was disclosed. There was no further reference during the trial to Burgess' prior conviction. The trial was a two-day trial of two defendants, and the court cautioned the jury in three separate instructions to consider each count separately and that the evidence of the previous conviction was to be considered only on the firearms charge.

Burgess contends that the evidence against him as to the drug conspiracy and distribution charges was sparse. We do not agree. There was ample evidence linking him both to the conspiracy to distribute and distribution of methamphetamine. Burdick testified convincingly and in considerable detail as to Burgess' participation in the transaction. S/A Soto, the undercover agent who negotiated the sale, testified to Burgess' presence in the lobby of the Red Lion Hotel where the drug transaction took place, and to Burgess' activities of walking about the lobby and subsequently walking past Soto, Price and Burdick and nodding to Price as he departed from the hotel. S/A Soto identified this activity as countersurveillance which he testified is conducted by drug dealers to determine if law enforcement or other drug dealers might be in the area where a drug transaction is to occur. If the area appears to be free of any threat to a successful transaction, the person conducting the countersurveillance indicates in some manner that the deal can proceed.

The evidence, therefore, was neither sparse nor unconvincing. The court did not abuse its discretion in denying the motion to sever.

## II

## AIDING AND ABETTING INSTRUCTION

■■■ The Government proposed the aiding and abetting instruction contained in the Manual of Model Jury Instructions for the Ninth Circuit, Instruction 5.03.[1] Appel-

---

1. The pertinent language of the Court's instruction reads as follows:

 It is not enough that the defendant simply associated with another, was present at the scene of a crime, or even did things that were helpful to another. The evidence must show beyond a reasonable doubt that the defendant

lant proposed the aiding and abetting instruction in 1 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 12.-05.[2] The trial court gave the instruction proposed by the Government. Appellant contends it was error to fail to instruct the jury that the defendant could not be an aider and abettor if he was a "mere knowing spectator."

Jury instructions are considered as a whole to determine if they are misleading or inadequate. *United States v. Wright,* 742 F.2d 1215, 1221 (9th Cir.1984); *United States v. Pazsint,* 703 F.2d 420, 424 (9th Cir.1983); *United States v. Burnette,* 698 F.2d 1038, 1052 (9th Cir.), *cert. denied,* 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983). The trial judge is given substantial latitude in tailoring the instructions, and a challenge pertaining to the trial judge's language or formulation of the charge is reviewed only for abuse of discretion. *United States v. Wright,* 742 F.2d at 1221; *United States v. Gere,* 662 F.2d 1291, 1295 (9th Cir.1981); *United States v. James,* 576 F.2d 223, 226 (9th Cir.1978).

The court accurately instructed the jury that to be found an aider and abettor it was not enough that the defendant associated with another or was present at the scene of the crime, or even did things that were helpful to another. The court also instructed the jury regarding knowledge and intent to help another violate the law. The instructions as a whole were accurate and adequately conveyed the pertinent law to the jury.

Appellant bases his argument on *United States v. Garguilo,* 310 F.2d 249 (2nd Cir. 1962). In that case, the court went beyond a correct statement of aiding and abetting by giving rather vivid illustrations regarding conscious awareness of criminal activity. When the jury requested further instructions, the court used contrasting hypo-theticals on the issue of knowledge, but gave further instructions on purposeful participation that were rather abstract. The *Garguilo* court noted that normally refusal to give the challenged instruction might not be reversible error, but in light of the limited evidence introduced against the appellant there, reversal was required. *United States v. Eskridge,* 456 F.2d 1202, 1205 (9th Cir.1972), in rejecting the same argument Burgess advances here, stated: "The judge's wandering statements in *United States v. Garguilo,* 310 F.2d 249, 254 (2d Cir.1962), in no way measure up to the preciseness of the judge's instructions before us."

The trial court here gave a proper charge on aiding and abetting. There was sufficient evidence to assure that the jury would not convict Burgess on mere presence and guilty knowledge. The trial court did not abuse its discretion in refusing the instruction proposed by Burgess.

### III

### FAILURE TO PROVIDE STATEMENT UNDER RULE 16, FED.R.CRIM.P.

 Appellant moved under Fed.R. Crim.P. 16(a)(1)(A) for discovery of all statements or confessions by Appellant. The Government responded that it had provided all discoverable materials. However, after defense counsel's opening statement and after the Government had commenced its case-in-chief, the Government became aware of inculpatory statements made by Burgess to a DEA Agent. Promptly upon discovery of the statements, the Government provided the statements to defense counsel and informed the court. The court suppressed the statements, and the Government was not allowed to use the

---

acted with knowledge and intention of helping another violate the law.

**2.** Appellant's proposed instruction reads as follows:

Mere presence at the scene of the crime and knowledge that a crime is being committed

are not sufficient to establish that the defendant aided and abetted the crime, unless you find beyond a reasonable doubt that defendant was a participant and not merely a knowing spectator.

evidence in its case-in-chief or for impeachment purposes when the defendant took the stand.

Fed.R.Crim.P. 16(d)(2), sets out the sanctions for non-compliance with discovery requests. The court "may order such [offending] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such order as it deems just under the circumstances." The sanctions to be imposed for failure to comply with discovery rest in the sound discretion of the trial court. *United States v. Balk*, 706 F.2d 1056, 1060 (9th Cir.1983); *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir.1983); *United States v. Valencia*, 656 F.2d 412, 415 (9th Cir.), *cert. denied*, 454 U.S. 877, 102 S.Ct. 356, 70 L.Ed.2d 186 (1981) and 454 U.S. 903, 102 S.Ct. 411, 70 L.Ed.2d 222 (1981).

Appellant relies solely on *United States v. Padrone*, 406 F.2d 560 (2nd Cir.1969), in urging error. In *Padrone* the Government unintentionally ignored the order to produce the inculpatory statement, and when the defendant took the stand, was allowed to impeach the defendant with the inculpatory statements. While the failure to comply with the order was inadvertent, the court there found that defense counsel's strategy was severely prejudiced and a new trial was required.

In this case, the court imposed the severe sanction of suppression, thus keeping out evidence that apparently would have seriously damaged Burgess' case. The sanction of complete suppression allowed Appellant's counsel to pursue his already formulated trial strategy. Appellant took the stand and testified as planned, and the Government was not able to use the inculpatory statements for impeachment.

Because the sanction imposed prevented any possible prejudice, we find no abuse of discretion.

Accordingly, the judgment of the district court is AFFIRMED.