946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra L. REMBIS and Michael Rembis, Personal
Representatives of the Estate of Edna K.
DeBoynton, Plaintiffs-Appellants,
v.
John E. ANDERSON, M.D., Lance I. Ray, M.D., Waldo Hospital
Association, a non-profit corporation, John Doe,
a/k/a Waldo General Hospital d/b/a Fifth
Avenue Medical Center,
Defendants-Appellees.
 No. 90-35852.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 31, 1991.
Decided Oct. 15, 1991.
 
 Before EUGENE A. WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 DeBoynton sued a hospital, a surgeon and a radiologist for medical malpractice. She alleged that prior to her cancer diagnosis the doctors identified a spot on her lung, yet failed to notify her. She claimed negligence and lack of informed consent. She sought to hold the hospital liable under theories of corporate negligence and vicarious liability.
 
 
 3
 The district court granted the hospital's motion for summary judgment. The court also granted the doctors' motion for summary judgment on the informed consent claim. Trial on the negligence claim resulted in a verdict for the doctors. DeBoynton appeals each grant of summary judgment and two rulings at trial.
 
 
 4
 * A.
 
 
 5
 This court reviews de novo a grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party, to determine whether any factual issue precludes summary judgment and whether the district court correctly applied the substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The doctors mistakenly suggest that the facts must be viewed in favor of the verdict, even for those claims disposed of on summary judgment.
 
 B.
 
 6
 The district court found that DeBoynton could not recover under a theory of informed consent because the doctors were unaware of her lung cancer.[1] The court relied on Burnet v. Spokane Ambulance, 54 Wash.App. 162, 772 P.2d 1027, rev. denied, 113 Wash.2d 1005, 777 P.2d 1050 (1989).
 
 
 7
 The Burnet court rejected the informed consent claim, but it did so because the doctor had been unaware of the condition that posed a risk to the patient. 772 P.2d at 1030. The court recognized that "[w]henever a physician becomes aware of a condition which indicates risk to the patient's health, he has a duty to disclose it." Id. In Burnet, even the plaintiff's expert acknowledged that the doctor had not identified a problem or found an abnormality. Id. at 1030 & n. 2.
 
 
 8
 In contrast, the doctors here admit that they identified a spot on DeBoynton's lung. A physician's awareness of an abnormality indicating risk to the patient may be enough to trigger the duty of disclosure. See Keogan v. Holy Family Hosp., 95 Wash.2d 306, 622 P.2d 1246, 1251-53, 1260 (1980); Gates, 595 P.2d at 922; Miller v. Kennedy, 11 Wash.App. 272, 522 P.2d 852, 860 (1974), aff'd per curiam, 85 Wash.2d 151, 530 P.2d 334 (1975); Burnet, 772 P.2d at 1031. Informed consent may provide a basis for relief in this case.
 
 
 9
 There remains a dispute over an issue of material fact. DeBoynton and the physicians gave conflicting testimony concerning what each said to the other. The testimony leaves unresolved whether (1) the physicians informed DeBoynton of the problem, or (2) DeBoynton told the doctors that she was seeing another physician for this problem. Under these circumstances, summary judgment is inappropriate. We reverse the district court's grant of summary judgment on this issue, and remand for further proceedings.
 
 C.
 
 10
 Finding that the physicians were independent contractors, the district court rejected DeBoynton's attempt to hold the hospital vicariously liable for the physicians' actions. The court first concluded that the hospital's disavowal of an agency relationship in the admission form signed by DeBoynton put her on notice of the lack of agency relationship. We agree. We also concur in the court's analysis of the relationship between the hospital and the physician under Adamski v. Tacoma General Hosp., 20 Wash.App. 98, 579 P.2d 970 (1978). The court held that Adamski, even if applicable to this case, did not support DeBoynton's position. Taking account of the factors suggested in Adamski, the hospital-doctor nexus was insufficient to support the claim of vicarious liability. We affirm the district court's grant of summary judgment on this issue.
 
 D.
 
 11
 Under Washington law, a hospital is directly liable to its patients for corporate negligence when it fails to use reasonable care in selecting competent medical staff. Pedroza v. Bryant, 101 Wash.2d 226, 677 P.2d 166 (1984). Pedroza held that courts should apply the accreditation standards of the Joint Commission on Accreditation of Hospitals (JCAH) and the hospital's own bylaws in defining a hospital's standard of care. 677 P.2d at 170-71.
 
 
 12
 DeBoynton contends that the hospital committed corporate negligence by admitting and readmitting Dr. Ray to staff privileges despite knowledge of emotional problems that severely impaired his ability to care for patients, and without following JCAH accreditation standards. The undisputed facts show that the hospital reinstated Dr. Ray only after it received a series of favorable reports from Dr. Ray's psychiatrist. Uncontested evidence in the record also shows that the hospital established appropriate staff selection guidelines and followed them in certifying Dr. Ray. We affirm the district court's grant of summary judgment on this issue.
 
 II
 A.
 
 13
 This court reviews jury instructions for abuse of discretion, considering the charge as a whole and giving the trial judge substantial latitude to tailor the instructions. United States v. Burgess, 791 F.2d 676, 679-80 (9th Cir.1986).
 
 
 14
 The court refused DeBoynton's proposed instructions 16, 17, 16a and 17a. These would have permitted the jury to impose negligence liability "[i]rrespective of whether you find that [the defendants] met or failed to meet the applicable standard of care...." DeBoynton argues these instructions are proper under Harris v. Groth, 99 Wash.2d 438, 663 P.2d 113 (1983). Her argument misconstrues Harris. For negligence claims, Harris approves an instruction phrased in the language of section 7.70.040. 663 P.2d at 118. We find that the district court properly refused to instruct as DeBoynton proposed, for to do so would have misled the jury.
 
 B.
 
 15
 This court reviews evidentiary rulings for abuse of discretion and reverses only if the ruling caused prejudice. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986). DeBoynton argues that the exhibits B-1, B-2 and B-4 were unduly prejudicial because they permitted the jury to speculate that other doctors were responsible for her damages. The exhibits themselves are not unduly prejudicial. DeBoynton uses her objection to the exhibits as a way to challenge parts of the charge that became irrelevant, and harmless, when the jury reached a defense verdict. See Fed.R.Civ.P. 61. We reject her attempt to evade the harmless error doctrine. We hold that the district court acted within its discretion when it admitted Exhibits B-1, B-2 and B-4.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED. The parties will bear their own costs on this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We find unpersuasive appellees' argument that informed consent applies only to treatment of diagnosed disease. The Washington Supreme Court unanimously rejected that argument in Gates v. Jensen, 92 Wash.2d 246, 595 P.2d 919 (1979)
 The defendants contend that Gates is inapplicable because the medical care there occurred before 1976, the effective date of Washington's informed consent statute. Wash.Rev.Code § 7.70.050 (1989). They contend the statute limits informed consent to treatment cases. We disagree. The informed consent statute is part of chapter 7.70, "ACTIONS FOR INJURIES RESULTING FROM HEALTH CARE." Section 7.70.030 identifies the three causes of action "for injury occurring as the result of health care." It specifically describes the informed consent action as one for "injury result[ing] from health care to which the patient or his representative did not consent." Id. § 7.70.030(3) (emphasis added). Although the body of the informed consent statute consistently uses the word "treatment," it also refers to "treatment, including nontreatment." See id. § 7.70.050.
 Gates has never been overruled and Washington's lower courts have relied on it in cases involving post-1976 health care. E.g., Burnet v. Spokane Ambulance, 54 Wash.App. 162, 772 P.2d 1027, 1030, rev. denied, 113 Wash.2d 1005, 777 P.2d 1050 (1989).