974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon CARDENAS-FLORES, Defendant-Appellant.
 No. 91-50493.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided Sept. 8, 1992.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-90-1084-K-1; Judith N. Keep, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cardenas-Flores appeals his conviction for importation of marijuana and possession of marijuana with intent to distribute. He argues that the government violated Rule 16 of the Federal Rules of Criminal Procedure by failing to produce before trial two photographs of the truck he drove into the United States, which contained a hidden compartment full of marijuana. We agree that the government violated Rule 16. Nonetheless, we affirm Cardenas-Flores' conviction because the violation did not prejudice his defense.
 
 
 3
 * At approximately 1:30 a.m. on October 28, 1990, Cardenas-Flores drove a pickup truck to the United States border station at San Ysidro. A customs inspector noted that the underside of the truck's bed appeared freshly painted and made an unusual noise when tapped with a flashlight. The inspector referred Cardenas-Flores to the secondary inspection area.
 
 
 4
 A dog brought to perform a drug sniff on the truck alerted on its bed. The dog's handler proceeded to inspect the vehicle. With the tailgate lowered he could see that the metal bed, which was loosely covered with a piece of plywood, was buckled and there were packages wrapped in plastic underneath it. The case agent took two photographs of the truck in that condition. Customs agents subsequently disassembled the truck's bed, discovering that the packages contained 123 pounds of marijuana. More photographs were taken after the bed was partially disassembled.
 
 
 5
 Prior to trial, Cardenas-Flores requested discovery, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(C), of:
 
 
 6
 all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in its case during trial.
 
 
 7
 Statement of Facts and Memorandum of Points and Authorities in Support of Defendant's Motions at 4. The government agreed that it would "permit defense counsel to examine before trial the exhibits that the Government intends to offer in its case-in-chief." Government's Trial Memorandum at 2. Prior to trial, the government provided the defense with photographs of the partially dismantled truck, but did not turn over the two photographs showing packages visible under the bed of the intact truck.
 
 
 8
 During the noon recess of the second day of trial, after opening statements and the testimony of three government witnesses, the prosecutor provided defense counsel with the two disputed photographs of the truck prior to disassembly. The photos show the truck with its tailgate down. The metal bed is buckled, and packages can be seen below it. Defendant moved for a mistrial, arguing that late production of the photographs violated Rule 16. The district court denied the motion and refused a request to exclude the photographs. However, the court did offer defense counsel a continuance, and also offered to recall the dog handler, who had completed his testimony, for further cross-examination. Defense counsel refused these offers.
 
 II
 
 9
 We review the district court's construction of Rule 16 de novo. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990). The district court's choice of sanction for a Rule 16 violation is reviewed for abuse of discretion. United States v. Schwartz, 857 F.2d 655, 657-58 (9th Cir.1988).
 
 III
 
 10
 The government argues that no Rule 16 violation was committed because the photographs were turned over as soon as the prosecutor learned of their existence. We reject this argument. Rule 16(a)(1)(C) requires the government, upon request, to produce materials "within the possession, custody or control of the government." (Emphasis added.) "The government," for purposes of this rule, is not limited to the prosecuting attorney. Documents "in the possession, custody or control of any federal agency participating in the same investigation" fall within the scope of Rule 16. United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989). Because the photographs at issue were in the case agent's file, the prosecutor is deemed to have had knowledge of and access to them. Id.
 
 
 11
 The government also contends that Rule 16 did not require production of the photographs because they were not "material to the preparation of [Cardenas-Flores'] defense." Fed.R.Crim.P. 16(a)(1)(C). We disagree. Requested materials need not be exculpatory to be material. The photographs were clearly material to Cardenas-Flores' defense of lack of knowledge. Although the government contends that it did not know what defense Cardenas-Flores would assert, all elements of the offense except knowledge were clearly established by the border search. The government conceded at oral argument that, had the prosecutor known of the pictures, they would have been produced. We conclude that the photographs did indeed fall within the scope of Rule 16(a)(1)(C), and that the government violated that rule by failing to produce them before trial.
 
 IV
 
 12
 Nonetheless, we affirm Cardenas-Flores' convictions. The sanction to be imposed for failure to comply with Rule 16 rests in the sound discretion of the district court. United States v. Burgess, 791 F.2d 676, 681 (9th Cir.1986); United States v. Gee, 695 F.2d 1165, 1168 (9th Cir.1983). A district court faced with a violation of Rule 16 may order discovery, grant a continuance, prohibit introduction of the evidence or enter such order as it deems just under the circumstances. Fed.R.Crim.P. 16(d)(2). "The trial court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." Gee, 695 F.2d at 1169.
 
 
 13
 When the photographs were revealed, the district court offered to grant a continuance and to recall the dog handler for further cross-examination. Defense counsel refused these offers. We conclude that the remedy offered by the district court was sufficient, under the circumstances, to cure any prejudice. Accordingly, we hold that the district court did not abuse its discretion in refusing to exclude the photographs from evidence.
 
 
 14
 The disputed photographs were subsequently introduced during the final portion of the government's case-in-chief, prior to Cardenas-Flores' testimony. The new photographs did not contradict the defense theory that the compartment was sophisticated and well-hidden any more than did the photographs of the partially disassembled truck and the testimony of the government's witnesses. Moreover, the defense had conducted an inspection of the truck itself before trial, and was thus familiar with the design of the compartment. Nor did the photographs show that Cardenas-Flores, contrary to his counsel's opening statement, knew the truck contained marijuana. The photographs show only that, with the tailgate lowered, a gap under the bed was plainly visible. The defense theory was that Cardenas-Flores did not closely inspect the truck, merely walking around it and glancing in its bed. The defendant could have responded to the photographs by testifying that he did not open the tailgate.
 
 V
 
 15
 We do not condone the actions of the government in this case. The lack of communication between case agent and prosecutor was inexcusable. However, any prejudice to Cardenas-Flores was effectively cured by the district court's offer of a continuance.
 
 
 16
 AFFIRMED.
 
 
 17
 KLEINFELD, Circuit Judge, dissenting.
 
 
 18
 I respectfully dissent.
 
 
 19
 We are all agreed that the government violated Federal Rule of Criminal Procedure 16. My disagreement is limited to whether the sanction was an abuse of discretion. I think the violation was so egregious and prejudicial that we should reverse, because the sanction was too mild. Exclusion of the photographs, mistrial, or some other, stronger sanction was needed.
 
 
 20
 It is important, in my view, that the government had no excuse. This was not an inadvertent failure to produce one among many photographs. The judge asked the case agent, out of the presence of the jury, why he did not tell the prosecutor he had the photographs. The case agent responded, "we select the best one we think we are going to need and turn them over." The judge pressed him on why these photographs were not "given to the assistants to pick and choose?" The case agent responded, "No reason, just didn't." Where the case agent gives the prosecutor only what the case agent thinks the prosecutor should use to prove the case, a discovery violation is likely to occur, and likely to go undiscovered.
 
 
 21
 The prejudice could not be cured by a continuance, because the defense attorney could not unring a bell. The issue in the case was scienter and nothing else. In the defense opening statement, defense counsel stated repeatedly the drug compartment was cleverly concealed. He cross-examined on why, if the marijuana was visible as the government claimed, the agent did not write that fact in the incident report. He challenged Watkins on why no photographs were taken of the truck before it was disassembled. The defense was suggesting that the drug compartment was hard to detect, and that the customs officials, without any support in their contemporaneously written report, were now falsely claiming that the drugs were plainly visible.
 
 
 22
 The defense position could not be changed, without a new jury. To my eye, the photographs contradict the defense theory of a sophisticated, well hidden compartment, much more persuasively than anything else. The compartment looks like a crude plywood covered assembly, with the plastic bags easily and suspiciously visible if the tailgate is put down.
 
 
 23
 Lack of written notation in the report and contemporary photographs showing what the agents purportedly saw was important to the credibility dispute. When something is not in the report or some other contemporaneously made record such as a photograph, of government agents who handle a large volume of cases, room is left for the inference that recollection is confused by other cases, or colored by zeal for conviction.
 
 
 24
 The photographs could, in a technical way, be reconciled with the defendant's testimony, because he said he did not lower the tailgate. But it is hard to look at the photographs and not conclude that anyone looking at the truck with a view toward buying it would not have inquired further about the bed. The bed is so swollen and odd looking that a person would be inclined to examine the bed more closely, even if it were seen only with the tailgate up.
 
 
 25
 The defense attorney's credibility before the jury was probably ruined by the photographs. The photographs made him look as though he had been trying to fool the jury. The jury never found out that the government had fooled him. A lawyer will have a hard time persuading a jury to value his closing argument if they are already persuaded that he has been trying to trick them.
 
 
 26
 As a practical matter, I suspect that the prejudice to the defense was loss of the opportunity to plead guilty before trial. Under the sentencing guidelines, that decision is often worth a two level reduction, in this case perhaps a 25% reduction in time to serve. Much of what defense lawyers do, during the pretrial preparation period, is review the evidence, determine that the probability of a successful defense is low, and counsel their clients to plead guilty. While a defendant could take advantage of this opportunity anyway, by truthfully admitting his guilt, he is entitled to effective assistance of counsel, and counsel is entitled to photographs which are "material to the preparation of the defendant's defense." Fed.R.Crim.P. 16(a)(1)(C). The "preparation" often consists of persuading the defendant that his contemplated false defense, prepared without the assistance of counsel, is untenable, and turning attention to plea and sentencing possibilities. Defense counsel would be misled, by nonproduction of the photographs, into estimating the probability of success of a defense as much higher than it really was. The defense attorney's advice to his client on the probability of success on the merits would be wrong. Even if the client told the lawyer the truth and chose to remain silent and put the government to its proof, the decision whether to plead guilty or go to trial would still be impaired by the deceptive appearance of a higher probability of success on the merits than really existed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3