990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Duane TRIBBY, Defendant-Appellant.
 No. 92-30011.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Troy Duane Tribby appeals his conviction imposed following jury trial for being a prior felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Tribby contends that the district court abused its discretion by not suppressing as a discovery sanction certain inculpatory statements made by Tribby. Tribby also contends that the district court erred by interrupting his cross-examination of a witness and instructing the jury that statements of counsel were not evidence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Discovery Sanction
 
 
 4
 Tribby contends that the district court abused its discretion by not suppressing inculpatory statements contained in a police report which was initially omitted from discovery materials. This argument lacks merit.
 
 
 5
 We review for abuse of discretion the district court's discovery rulings, United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990), and choice of sanction for a violation of Fed.R.Crim.P. 16, United States v. Schwartz, 857 F.2d 655, 657-58 (9th Cir.1988).
 
 
 6
 Upon the defendant's request, the government must permit a defendant to inspect and copy any relevant recorded statements made by the defendant and within the government's possession. Fed.R.Crim.P. 16(a)(1)(A). The sanction to be imposed for failure to comply with Rule 16 rests in the sound discretion of the district court. United States v. Burgess, 791 F.2d 676, 681 (9th Cir.1986); United States v. Gee, 695 F.2d 1165, 1168 (9th Cir.1983). A district court faced with a violation of Rule 16 may order discovery, grant a continuance, prohibit introduction of the evidence, or enter such order as it deems just under the circumstances. Fed.R.Crim.P. 16(d)(2). The district court "should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." Gee, 695 F.2d at 1169.
 
 
 7
 Here, Tribby made a discovery demand requesting Rule 16 materials. On May 7, 1991, the government authorized that Tribby be sent copies of all relevant documents and confirmed that all discovery had been completed. On August 13, 1991, a week before trial, Tribby learned of a police report which included inculpatory statements made by him and which was not included in the original materials sent by the government.1/ The Assistant U.S. Attorney who handled the discovery testified that he told his secretary to send copies of all relevant documents but he did not review the copies to insure that they were complete. The district court found that if a discovery violation occurred, it was "inadvertent" and denied Tribby's motion to suppress the inculpatory statements. The district court did, however, advise him that it would grant a continuance if Tribby felt it was necessary. Tribby declined the continuance on the basis that he should not suffer any additional pre-trial incarceration.
 
 
 8
 Any failure, inadvertent or not, to provide Tribby with a copy of a police report detailing inculpatory statements would constitute a Rule 16 violation. See Fed.R.Crim.P. 16(a)(1)(A); cf. Burgess, 791 F2d at 681. Nevertheless, the remedy offered by the district court was sufficient, under the circumstances, to cure any prejudice. Trial had not yet commenced and Tribby's defense theory had not been presented to a jury. Accordingly, we hold that the district court did not abuse its discretion by choosing the remedy of a continuance instead of exclusion of the police report and Tribby's inculpatory statements from evidence. See Schwartz, 857 F.2d at 657-58; Gee, 695 F.2d at 1169; compare with Burgess, 791 F.2d at 680-81 (defendant's inculpatory statements suppressed where discovered by the government after defense counsel's opening statement and after government had commenced its case-in-chief).
 
 II
 Trial Court's Instruction to Jury
 
 9
 Tribby contends that the district court improperly interrupted his cross-examination of a witness and instructed the jury that statements of counsel were not evidence. This argument lacks merit.
 
 
 10
 We review for plain error a claim of judicial misconduct where no objection was made to the court's comments. United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989). "Plain error exists only in exceptional circumstances when a substantial right of a defendant is affected." Id.
 
 
 11
 A trial judge must avoid the appearance of partiality. Id. at 552. However, a judge is not " 'expected to sit mute and impassive, speaking only to rule on motions or objections.' " Id. at 552-53 (quoting United States v. Eldred, 588 F.2d 746, 749 (9th Cir.1978)). An instruction that counsel's statements are not evidence is proper and must be timely in order to neutralize prejudice. United States v. Tootick, 952 F.2d 1078, 1085 (9th Cir.1991) ("The judge must actively supervise the trial, and if necessary, reiterate instructions in the wake of prejudicial events.").
 
 
 12
 Here, during cross-examination of a government witness, Tribby posed a series of questions that introduced factual information not yet in evidence. The district court then sua sponte gave the following jury instruction:
 
 
 13
 Excuse me just a second. This is a good example. I have to remind you that statements that the attorneys make, both the attorneys, in their questions, are not evidence, even though they're insinuations. You must disregard those unless they are confirmed by other evidence or by the testimony of the witnesses. Where an attorney continues to make statements in the form of questions, that is not evidence. You may proceed, Mr. Lang [Tribby's counsel].
 
 
 14
 In light of the cross-examination undertaken by Tribby, it was appropriate for the district court to interrupt and remind the jurors that new factual information being presented by way of counsel's questions was not evidence. The district court properly gave timely instruction so as to neutralize potential prejudice. See Sanchez-Lopez, 879 F.2d at 552-53; Tootick, 952 F.2d at 1085. Because the district court's instruction was a reasonable response to the manner of questioning conducted by Tribby, the district court committed no misconduct and certainly no plain error. See Sanchez-Lopez, 879 F.2d at 551-52.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 When arrested for theft, Tribby denied any knowledge of a gun that was found in a truck used by him and his companion. After being booked and released, Tribby returned to the police station to request the return of his address book. Detective Griesen, the officer who filed the report at issue, refused to return the book and explained that it was being held because the gun was found inside it. According to Griesen, Tribby stated that the gun had been inside the folder, not his address book, and belonged to a man named Bob with whom he had been shooting the gun