8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy J. DONNELLY, Defendant-Appellant.
 No. 92-30281.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1993.
Decided Sept. 17, 1993.
 
 Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy J. Donnelly appeals from the district court's order sentencing him to 540 months for conspiracy to distribute cocaine, using a firearm during a drug trafficking crime, and two counts of being a felon in possession of a firearm.
 
 
 3
 Donnelly contends that the district court erred in denying his pretrial motions for severance of the counts of the indictment because the counts were improperly joined and the joinder prejudiced his defense at trial. Donnelly also argues that the district court erred in denying his motion for a mistrial based on the Government's late disclosure of potentially exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Finally, Donnelly asserts that the district court erred in failing to articulate its reasons for sentencing him to the maximum sentence within the guideline range. We affirm because we have concluded that Donnelly's contentions lack merit. We discuss each contention and the facts pertinent thereto under separate headings.
 
 I.
 The Severance Issue Was Not Preserved
 
 4
 Donnelly contends that the district court erred in denying his pretrial motions for severance. The Government asserts that Donnelly has waived his right to appeal from the denial of his motion for severance because he did not renew the motion after all the evidence had been presented. We agree.
 
 
 5
 Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f it appears that a defendant ... is prejudiced by a joinder of offenses ... in an indictment ... the court may order an election or separate trials of counts." Fed.R.Crim.P. 14. The right to claim error in the denial of a motion pursuant to Rule 14 to sever counts in an accusatory pleading is waived if it is not renewed at the close of evidence. United States v. Burgess, 791 F.2d 676, 678 (9th Cir.1986). We have held that failure to renew a request for severance at the close of evidence suggests that the prejudice from joinder asserted on appeal may not have seemed so substantial to the appellant in the context of trial. Williamson v. United States, 310 F.2d 192, 197 (9th Cir.1962). We have also noted that " '[t]his requirement is not an inflexible one.' " United States v. Felix-Gutierrez, 940 F.2d 1200, 1208 (9th Cir.1991) (quoting United States v. Kaplan, 554 F.2d 958, 965 (9th Cir.) (per curiam), cert. denied, 434 U.S. 956 (1977)), cert. denied, 113 S.Ct. 2332 (1993). "A denied motion for severance will be preserved for appeal, absent a post-evidence renewal, where the motion accompanies the introduction of evidence deemed prejudicial and a renewal at the close of all evidence would constitute an unnecessary formality." United States v. Free, 841 F.2d 321, 324 (9th Cir.) (internal quotation marks and citation omitted), cert. denied, 486 U.S. 1046 (1988). "The guiding principle is whether the defendant diligently pursued the motion." Felix-Gutierrez, 940 F.2d at 1208. We have held that the mere filing of pretrial severance motions is not sufficient to establish "diligent pursuit" of the objection to joinder. Free, 841 F.2d at 325.
 
 
 6
 In Felix-Gutierrez, we concluded that the appellant did not waive his right to challenge the denial of his severance motion despite his failure to renew the motion at the close of evidence. Felix-Gutierrez, 940 F.2d at 1208. We were persuaded in that case that the appellant "diligently pursued" his objection to the joinder of counts by filing the motion for severance, an opposition, a reply, a supplemental opposition, a motion for reconsideration, and by orally renewing the severance motion several times during the trial. Id. We held that these efforts were sufficient to render a renewal of the severance motion an unnecessary formality. Id.
 
 
 7
 In this case, Donnelly filed three pretrial motions for severance but, unlike the appellant in Felix-Guitierrez, did not renew his objection after the start of the trial. Because Donnelly failed to renew his motion for severance at trial, the district court had no reason to believe that the prejudice cited by Donnelly prior to trial was manifested during trial, was as damaging as Donnelly had anticipated, or was not cured during trial. Therefore, Donnelly waived his right to appeal the denial of his motion for severance pursuant to Rule 14.
 
 II.
 
 8
 Joinder of Drug and Firearm Possession Counts Was Proper
 
 
 9
 Donnelly further contends that even though he labeled each of his objections to the indictment as a motion for a severance under Federal Rule of Criminal Procedure 14, he is entitled to appellate review because he informed the district court that the counts of the indictment were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. Rule 8(a) provides as follows:
 
 
 10
 Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
 
 
 11
 Fed.R.Crim.P. 8(a).
 
 
 12
 Generally, a motion for severance does not preserve for appeal a claim of misjoinder. United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987). We have recognized, however, that an objection to the joinder of counts may be preserved if the Rule 14 severance motion actually raises and presents the argument that the counts were improperly joined. See Smith, 795 F.2d at 850 (because the Rule 14 motion did not raise the question whether joinder was improper under Rule 8, the misjoinder objection is waived); United States v. Bailey, 675 F.2d 1292, 1294 (D.C.Cir.) (holding that a Rule 14 motion for severance preserves a Rule 8 objection to joinder only if it actually raises and argues the legal basis for the misjoinder finding), cert. denied, 459 U.S. 853 (1982).
 
 
 13
 In the instant matter, Donnelly's pretrial severance motions addressed the question whether Rule 8(a) permitted joinder of the charges. An objection to the propriety of joinder under Rule 8(a) is not waived by failure to renew at the close of all evidence. United States v. Terry, 911 F.2d 272, 277 (9th Cir.1990). Because the record demonstrates that the issue of misjoinder was adequately raised before the district court, it is reviewable on appeal. We review a ruling on a misjoinder claim de novo. United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). We construe Rule 8(a) broadly in favor of joinder. United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.), cert. denied, 404 U.S. 958 (1971).
 
 
 14
 Donnelly contends that the drug charge was improperly joined with the firearms charges. He also argues that the January 1 and January 19 felon in possession charges were improperly joined with each other. He complains that, on its face, the indictment showed no commonality among the various counts. He further asserts that joinder was improper because the evidence pertaining to the counts did not sufficiently overlap.
 
 
 15
 Donnelly relies on our decision in Terry, 911 F.2d 272, to support his argument that joinder was improper under Rule 8(a). In Terry, the defendant was arrested for possession of methamphetamine. Id. at 274. Thirteen days after the arrest, several agents searched the defendant's home looking for items such as currency or other drugs. During the search, the agents found nothing listed on the search warrant. They did, however, find a shotgun in the home. Terry was subsequently indicted for possession of methamphetimine, distribution and possession of P-2-P with intent to manufacture methamphetimine, and being a felon in possession of a firearm. Id. We held that the counts of the indictment were misjoined because the indictment failed to demonstrate, on its face, that the offenses fell into one of Rule 8(a)'s three categories and that the evidence necessary to prove the drug counts did not overlap with the evidence pertaining to the felon in possession charge. Id. at 276. We concluded that, under the facts of Terry, joinder was improper and that the misjoinder was harmful because it was highly probable that the jury was influenced by inflammatory evidence of an unrelated drug charge. Id. at 277.
 
 
 16
 Terry is distinguishable. In Terry, the drug crimes charged in Counts I and II were found to be wholly unrelated to the possession of a firearm charge in Count III. Terry, 911 F.2d at 276. The drug crimes occurred on June 9th, 1988. The firearm was not discovered until June 22, 1988. The evidence required to prove the drug charges was completely unconnected to the evidence of the firearm charge. Id.
 
 
 17
 In the present case, the indictment indicated, on its face, that the same evidence would be employed to prove all four counts against Donnelly. Count I charged Donnelly with conspiracy to distribute cocaine on January 19. Count IV charged that Donnelly used a firearm, a Virginia Dragoon, in the commission of Count I. Counts II and III asserted that Donnelly, a felon, possessed that same Virginia Dragoon on both January 1 and 19. This commonality connecting the drug and firearm counts was absent in Terry.
 
 
 18
 Furthermore, the Government demonstrated, in its opposition to Donnelly's motion to sever, that the counts of the indictment were linked by a conspiracy to "rip-off" a drug dealer, and that the evidence connecting the January 1 and January 19 events was essential to prove Donnelly's involvement in the conspiracy. Among other things, the Government pointed to the fact that the expended bullets recovered from the scene of the January 1 shooting were alleged to be from the same weapon as the bullet which was recovered from Koch's head after the January 19 events. Because it was alleged that the gun belonged to Donnelly, the evidence necessary to prove the various counts overlapped sufficiently to warrant joinder of each count in the indictment.
 
 III.
 
 19
 Delay in Disclosing Brady Material Was Not Prejudicial
 
 
 20
 Donnelly alleges that the district court erred in denying his motions for mistrial based on the prosecution's delayed disclosure of potentially exculpatory evidence. "We review challenges to a conviction based on an alleged Brady violation de novo." United States v. Aichele, 941 F.2d 761, 764 (9th Cir.1991).
 
 
 21
 We need not decide whether the disputed statements were exculpatory and material because the record shows that the Government disclosed the statements in sufficient time to satisfy due process. Although the Government turned over the alleged Brady materials five days into the trial, "Brady does not necessarily require that the prosecution turn over exculpatory material before trial. To escape the Brady sanction, disclosure must be made at a time when [the] disclosure would be of value to the accused." Aichele, 941 F.2d at 764 (internal quotation marks and citations omitted). We have held that where the defendant is allowed to recall witnesses and re-examine them regarding the new evidence, the defendant has "substantial opportunity to use the [evidence] and to cure any prejudice caused by the delayed disclosure." United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988). "Therefore, even assuming the [evidence is] exculpatory and material, there [is] no due process violation under Brady." Id.
 
 
 22
 In the present case, the Government conceded at trial that the evidence, although inadmissible, should have been turned over earlier. Donnelly was given the opportunity, however, to cure any prejudice caused by the delayed disclosure. The district court issued subpoenas requiring the attendance of the two witnesses and also granted the defense an opportunity to recross-examine two previous witnesses in connection with the statements. Under these circumstances, we find no Brady violation.
 
 IV.
 
 23
 The District Court Adequately Explained The Sentence
 
 
 24
 Donnelly contends that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D) and 18 U.S.C. § 3553 by imposing the maximum statutory sentence without judicial explanation. He complains that the sentencing judge did not make clear whether the underlying, but uncharged, offense of murder was factored into the sentence. Donnelly does not dispute the fact that the underlying offense was murder, nor does he contest the application of the Sentencing Guidelines. Instead, he contends that the case should be remanded to the district court for an articulation of the reasons for the particular sentence imposed.
 
 
 25
 At sentencing, Donnelly's newly appointed counsel moved for a continuance in order to familiarize himself with the factual basis of the charges and allegations contained in the presentence report ("PSR"). Counsel then stated that if the continuance was denied, he would object to the entire factual basis of the PSR. The court denied the motion for continuance after noting that trial transcripts are not generally provided for use in preparation for sentencing hearings. The court stated:
 
 
 26
 [A]ny issues relating to the counts of the indictment and the factual information have been resolved by the verdicts of the jury finding the defendant guilty.... I rely on the findings of the jury in finding the defendant guilty of those counts. Those counts and the finding of guilty have resulted in a computation ... by the officer preparing the presentence report....
 
 
 27
 ....
 
 
 28
 ... I do not consider the circumstances of the offense as set forth in the presentence report as determinative in computing the sentence in this case.
 
 
 29
 The court then adopted the presentence report and the Sentencing Guidelines information it contained as "reliable and established." The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 30
 "When a defendant challenges information contained in his presentence investigation report, the district court must make findings of fact concerning any disputed matter which it relies upon in sentencing." United States v. Turner, 898 F.2d 705, 709 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Federal Rule of Criminal Procedure 32(c)(3)(D) "requires that a sentencing judge make a finding as to each matter controverted or make a determination that no such finding is necessary because the controverted matter will not be taken into account in sentencing." Id. "In resolving objections to the presentence report, the district court should make clear on the record its resolution of all disputed matters, ... and specific findings of fact are to be encouraged. The district court satisfies the above requirement by adopting the conclusions in the PSR." United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (internal quotation marks and citations omitted).
 
 
 31
 Donnelly did not raise any specific challenges to the facts set forth in the PSR. The district court sufficiently addressed Donnelly's general objection to the circumstances of the offense as set forth in the PSR by stating that those circumstances were not considered determinative in the computation of the sentence. The district court sentenced Donnelly in accordance with the undisputed Sentencing Guidelines calculations in the PSR. Because the district court expressly adopted the PSR as "reliable" and "established," there was no violation of Federal Rule of Criminal Procedure 32(c)(3)(D). Rosales, 917 F.2d at 1222.
 
 
 32
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3