**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Babatunde OSINAME, aka Babatunde
"Baba" Osiname; Babatunde Ayo
Osiname; Baba Osiname, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Jeanette L. Franklin, Defendant–
Appellant.**

No. 01–50393, 01–50471.
D.C. No. CR–00–00070–VAP,
CR–00–00070–VAP–2.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided April 21, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM**

Babatunde Osiname appeals the district court's restitution order arising out of his conviction for mail and wire fraud. 18 U.S.C. §§ 1341, 1343. Jeanette L. Franklin appeals her mail and wire fraud convictions. *Id.* We dismiss in part and affirm in part.

(1) Osiname asserts that the restitution award against him was too high. However, when he pled guilty he waived his right to appeal "any order of restitution." Appeal waivers are generally enforceable. *See United States v. Baramdyka,* 95 F.3d 840, 843–44 (9th Cir.1996); *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994). Osiname presents no legal reason for deviation from the general rule. Thus, we dismiss his appeal.

(2) Osiname's counsel, Darlene M. Ricker, has filed a brief and a motion to withdraw pursuant to *Anders v. State of California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Osiname has filed a supplemental brief. Our review of the briefs and of the record discloses no further issues requiring review. Thus, counsel's motion to withdraw will be granted.

(3) Franklin first asserts that the evidence was insufficient to sustain her convictions for mail and wire fraud. Of course, the government was required to submit sufficient evidence to prove that she committed or aided and abetted the commission of each of those crimes. *See United States v. Jackson,* 72 F.3d 1370, 1385 (9th Cir.1995) (elements of aiding and abetting); *United States v. Bonanno,* 852 F.2d 434, 440 (9th Cir.1988) (elements of mail and wire fraud). However, Franklin's intent may be proved by circumstantial evidence. *See Jackson,* 72 F.3d at 1381; *United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991); *United States v. Rasheed,* 663 F.2d 843, 848 (9th Cir.1981). The government's evidence of her activities and prevarications, coupled with the implausi-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bility of her story, was quite sufficient to meet its burden.

(4) Franklin next complains that the district court should have declared a mistrial because of the government's argument regarding a photograph. However, we agree with the district court that the record does not demonstrate any misconduct by the government. *See United States v. Patel,* 762 F.2d 784, 795 (9th Cir.1985); *cf. United States v. LaPage,* 231 F.3d 488, 491 (9th Cir.2000) (it is misconduct for the government to knowingly deal in lies). The absence of demonstrable misconduct is fatal to this claim.

(5) Finally, Franklin asserts that the instructions on aiding and abetting were improper and confusing. On the contrary, they easily pass muster. *See United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). The court properly instructed that Franklin had to knowingly aid and abet Osiname in the commission of his crime, and, therefore, properly defined knowingly. *See United States v. Vaughn,* 797 F.2d 1485, 1492 (9th Cir.1986); *United States v. Burgess,* 791 F.2d 676, 680 (9th Cir.1986). Moreover, Franklin's assertion[1] that a natural consequences instruction was wrong is wrong. *See United States v. Andrews,* 75 F.3d 552, 556 (9th Cir.1996).

DISMISSED as to Osiname; AFFIRMED as to Franklin. The motion of Darlene M. Ricker to withdraw as counsel for Osiname is GRANTED.

---

1. This claim must be reviewed for plain error because no objection was made in the district court. *See United States v. Perez,* 116 F.3d 840, 846 (9th Cir.1997).

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).