**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**James P. O'NEAL, Defendant–Appellant.**

**No. 87–3015.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1987.

Decided Dec. 22, 1987.

R. 34–4 and Fed.R.App.P. 34(a).

Donald D. Diment, Jr., Diment & Billings, Eugene, Or., for defendant-appellant.

James L. Collins, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before HUG, FARRIS and CANBY, Circuit Judges.

HUG, Circuit Judge:

O'Neal was convicted of four counts of tax evasion. He appeals the district court's denial of his motion to dismiss Count 1, arguing that the indictment was improperly rendered after the applicable statute of limitations had tolled. He also appeals the denial of his motion to sever Count 1 from the other counts, asserting that the substantial evidence supporting Count 1 contributed to the jury's finding of guilt on the remaining counts. Our jurisdiction is based on 28 U.S.C. § 1291 (1982). We affirm.

FACTS

In 1983, the Oregon Department of Revenue conducted an audit of defendant O'Neal's state income tax returns for prior years. The state auditor referred his case to the Criminal Investigation Division of the Internal Revenue Service. A criminal complaint was filed on April 15, 1986 in the federal district court of Oregon charging O'Neal with filing a false federal income tax return for the year 1979 in a willful attempt to evade payment of income taxes. The amount of tax evasion alleged was $27,354 for that year. The complaint was filed in Portland, Oregon on the last date for commencing prosecution under the applicable six-year statute of limitations. 26 U.S.C. § 6531 (1982). Though a grand jury was sitting in Portland on April 14 and 15, the Government did not procure an indictment at that time because the grand jury schedule had been filled by the time the Government received approval from the Department of Justice to proceed with the case.

On May 5, 1986, O'Neal received a preliminary hearing, at which time the magistrate found probable cause to support the complaint. On August 12, 1986, a grand jury returned an indictment against O'Neal, charging him with four counts of tax evasion. Count 1 charged O'Neal with willfully evading taxes during the year 1979 in the amount of $24,253. This amount was $3,354 below the amount originally set forth in the complaint. The remaining amounts were as follows: Count 2—$11,026 for the year 1980; Count 3—$17,672 for the year 1981; and Count 4—$3,444 for the year 1982. O'Neal pled not guilty to each count.

On September 25, 1986, O'Neal filed two motions. The first was a motion to dismiss Count 1 of the indictment on the basis that the indictment had not been obtained within the period prescribed by the applicable statute of limitations (26 U.S.C. § 6531) or, alternatively, that the Government was not prepared to prosecute its case against O'Neal at the time it filed the complaint. The second motion requested severance of Count 1 from the remaining three counts on the grounds that the weight and character of the evidence presented under Count 1 would prejudice the jury as to the remaining counts.

The district judge denied both motions after holding a pretrial hearing on November 10, 1986. With respect to the motion to dismiss, he stated, "When a complaint is filed within the six year limitation period, the time for obtaining an indictment is extended nine months from the date of the making of the complaint. 26 U.S.C. § 6531. In order to qualify for this exten-

sion, the government must be prepared to obtain an indictment, but was unable to do so because of the grand jury's schedule." The judge found that "the grand jury schedule made the grand jury unavailable" at the time the complaint against O'Neal was issued. Moreover, after conducting an *in camera* review of the Government's file, he found that the Government was prepared to proceed on the date the complaint issued.

At trial, the jury returned a guilty verdict on all four counts of the indictment. O'Neal argues on appeal that the trial court erred in denying his motions for dismissal and severance.

DISCUSSION

### I. *Motion to Dismiss*

The applicable statute of limitations for prosecuting tax evasion is set forth in 26 U.S.C. § 6531. That section states that an indictment must be rendered within six years of the commission of the offense; it includes the proviso, however, that where a complaint is instituted within six years, the time for returning an indictment is extended by nine months. We review *de novo* the district court's interpretation of 26 U.S.C. § 6531. *United States v. Launder,* 743 F.2d 686, 688–89 (9th Cir.1984).

The bare terms of the statute do not suggest any impropriety on the part of the Government in commencing its prosecution against O'Neal: a complaint was instituted within six years after the offense and an indictment was rendered within nine months thereafter. Nevertheless, the extension of time in which to return an indictment was construed by the Supreme Court to state a rule of necessity. In *Jaben v. United States,* 381 U.S. 214, 219–20, 85 S.Ct. 1365, 1368, 14 L.Ed.2d 345 (1965), the Court stated,

> [T]he evident statutory purpose of the nine-month extension provision is to afford the Government an opportunity to indict criminal tax offenders in the event

that a grand jury *is not in session* at the end of the normal limitation period.... Clearly the statute was not meant to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months), but rather was intended to deal with the situation in which the Government has its case made within the normal limitation period but cannot obtain an indictment because of the grand jury *schedule.*

(Emphasis added.)

Relying on this language, O'Neal first argues that the Government's resort to the complaint procedure in his case was impermissible because a grand jury was actually in session on April 15, 1986, when the Government filed its complaint; thus, the Government should have secured an indictment. In his view, the fact that the grand jury had no time that day to hear his case [1] is irrelevant. He supports this assertion by strictly construing the Supreme Court's admonition in *Jaben* that the complaint procedure is to be used when the Government cannot obtain an indictment because of the grand jury "schedule." *Jaben,* 381 U.S. at 220, 85 S.Ct. at 1368. According to O'Neal, "schedule" means the period of time in which the grand jury is actually sitting. He contends that as long as a grand jury is actually in session and returning indictments, the Government may not resort to the complaint procedure regardless of whether or not the hour-by-hour schedule of the grand jury would permit the case to be heard.

We find this argument untenable. O'Neal asks us to disregard actual circumstances which made the grand jury effectively unavailable. There is no indication that the Court in *Jaben* employed the term "schedule" in the sense propounded by O'Neal. The Court there was not faced with the circumstances underlying this case.[2] The thrust of the *Jaben* opinion is

---

**1.** The trial court found as a matter of fact that the grand jury schedule was completely filled the day the complaint issued. This fact is not contested by O'Neal.

**2.** In *Jaben,* the Government filed a complaint the day before the statute of limitations tolled under section 6531, charging the defendant with intentionally filing a false income tax return. A grand jury returned an indictment approximate-

merely that the complaint procedure is proper when the grand jury is unavailable; it does not specify what circumstances render the grand jury unavailable.

■ We have previously held that *Jaben* does not preclude resort to the complaint procedure when a grand jury is empaneled though not actually sitting. *United States v. Towill,* 548 F.2d 1363, 1367 (9th Cir. 1977). It is but a small extension of that rule to hold that the complaint procedure can be appropriately used when the grand jury is sitting but has no available time to hear the particular case. We hold that the grand jury "schedule" effectively precluded the Government from obtaining an indictment against O'Neal before the six-year statute of limitations ran. *See Jaben,* 381 U.S. at 220, 85 S.Ct. at 1368.

■ O'Neal next contends that even if the grand jury was unavailable for the purposes of section 6531, the Government was nonetheless not entitled to an extension because it was not ready to proceed on the day the complaint issued. As the Supreme Court stated in *Jaben,* the extension period was not meant to grant the Government greater time in which to make its case. *Id.* at 219, 85 S.Ct. at 1368. The district judge found that the Government was prepared to proceed, and his determination as a finding of fact is reviewed under the clearly erroneous standard. *United States v. Harris,* 738 F.2d 1068, 1071 (9th Cir.1984).

The only evidence offered by O'Neal to cast doubt upon the Government's preparedness as of April 15 is that there was a variance between the complaint and the indictment in the amount of income tax allegedly evaded: the complaint listed the figure as $27,354 for the year 1979 and the indictment listed $24,253 for the same year. O'Neal argues that this discrepancy indicates the Government used the extension period as additional time to prepare its case.

O'Neal misinterprets *Jaben*'s requirements. The Court there was not saying *all*

investigation and case preparation had to cease when the complaint was filed. Rather, it was concerned with providing a safeguard "to prevent the Government from filing a complaint at a time when it does not have its case made, and then using the nine-month period to make it." *Jaben,* 381 U.S. at 220, 85 S.Ct. at 1368. Under *Jaben,* whether the Government has improperly invoked the extension period is tested by the sufficiency of the complaint. *Id.* The Court stated that a complaint is sufficient if it establishes probable cause and if this probable cause is later verified at a preliminary hearing. *Id. See also id.* at 227, 85 S.Ct. at 1372 (Goldberg, J., concurring) ("Only when it has been determined in the preliminary hearing ... that probable cause exists ... can we say with any assurance that the complaint was not filed merely to extend the limitation period, but that it was a complaint which does what a complaint normally does, namely, starts the criminal procedure in motion.").

Here, the Government's case was tested at the preliminary hearing by the magistrate, who determined that the Government had probable cause to support its complaint. Moreover, the district judge specifically found at the pretrial hearing that the Government was prepared to proceed with its case the day the complaint issued. *Jaben* requires no more. This court can hardly set aside these findings as clearly erroneous based solely upon the fact that the amount of tax evasion set forth in the indictment was lower than that alleged by the complaint. As the Court in *Jaben* noted, a sufficient complaint "simply requires that enough information be presented to [the magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Jaben,* 381 U.S. at 224–25, 85 S.Ct. at 1371.

Because the Government was prepared to present its case to a grand jury on April 15 but was precluded from doing so due to the grand jury's schedule, we affirm the

ly one month after the complaint was filed. The opinion fails to mention the circumstances of the grand jury schedule at the time the

Government filed the complaint. Rather, the issue involved the sufficiency of the complaint. 381 U.S. at 216, 85 S.Ct. at 1366–67.

district court's denial of O'Neal's motion to dismiss Count 1.

## II. *Motion to Sever*

O'Neal contends that the district court erred in denying his motion to sever, which he made pursuant to Fed.R.Crim.P. 8(a) and 14.[3] The Government contends that O'Neal is foreclosed from presenting this argument on appeal because O'Neal failed to renew his motion at trial, *citing United States v. Burgess*, 791 F.2d 676, 678 (9th Cir.1986) and *United States v. Monks*, 774 F.2d 945, 949 (9th Cir.1985). We need not consider the question of waiver because even if O'Neal did preserve his claim, it nonetheless lacks merit. We review the trial court's denial of the motion for an abuse of discretion. *Burgess*, 791 F.2d at 678. O'Neal proffers only one reason why prejudice arises from trying all four counts together. In his motion he stated, "[T]he evidence under Count 1 will be substantially greater than the evidence under the remaining counts of the Indictment. This is so because ... [n]one of the remaining counts of the Indictment allege such a great disparity between claimed income and the alleged income of the Defendant."

The district court has wide discretion in ruling on a severance motion. *United States v. Vaccaro*, 816 F.2d 443, 449 (9th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 262, 98 L.Ed.2d 220 (1987). In this circuit, the proper test is "whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way." *Bur-*

---

**3.** Rule 8(a) provides:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Rule 14 provides:

*Relief from Prejudicial Joinder*

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election [of] separate tri-

*gess*, 791 F.2d at 678. "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence...." *Vaccaro*, 816 F.2d at 448. Thus, in ruling on a motion to sever, the primary consideration is "whether the jury can reasonably be expected to compartmentalize the evidence ..." applicable to each count. *Monks*, 774 F.2d at 949 (joinder of defendants).[4]

O'Neal offers no reason why the greater amount of alleged tax evasion in Count 1 would lead the jury to convict on the remaining counts. Certainly the jury may be expected to "compartmentalize" the evidence pertaining to the separate counts. The trial judge did not abuse his discretion in denying O'Neal's motion to sever.

AFFIRMED.

---

als of counts, grant a severance of defendants or provide whatever other relief justice requires.

**4.** Though *Monks* set forth the compartmentalization requirement in the context of joinder of defendants, the rationale is also applicable to joinder of offenses in the case of one defendant. In applying the test, we take account of the fact that "[i]t is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts ..., than it is to compartmentalize evidence against separate defendants joined for trial." *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir.), *as amended*, 798 F.2d 1250 (1986).