993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Cortes CRUZ, Defendant-Appellant.
 No. 91-50406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Submission Vacated Jan. 7, 1993.
Resubmitted Feb. 5, 1993.
Decided May 7, 1993.
 
 1
 Before CANBY and NORRIS, Circuit Judges, and TANNER,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Carlos Cortes Cruz appeals his conviction and sentence for possession with intent to distribute cocaine and marijuana. He challenges several evidentiary decisions, the sufficiency of the evidence, joinder of co-defendants, the conduct of the prosecutor in closing argument, and the use of a prior conviction in calculating his criminal history score. We affirm.
 
 
 4
 * In reviewing the sufficiency of the evidence, we must consider whether, viewed in the light most favorable to the prosecution, the evidence was sufficient to support the verdict. United States v. Larios, 640 F.2d 938, 940 (9th Cir.1981). Cruz argues the evidence is insufficient to tie him to the drugs found in the mobile home at 211 Duke Lane.
 
 
 5
 We disagree. Cruz owned the mobile home, had a key to it on his key ring, and gave out its address as his current residence, although he lived elsewhere. He had been in the mobile home the day before his arrest and at it on numerous occasions. Although Cruz claimed not to have smelled marijuana in the mobile home, the arresting officers said the place reeked of it. In the home, false IDs for Cruz were found alongside scales and marijuana in a box in the bathroom, and several documents bearing his name were found next to a drug ledger in the bedroom. When Cruz was arrested outside the mobile home, he had a small amount of marijuana with him in his truck. And as a final piece of circumstantial evidence, his address book contained a couple of phone numbers in a code often used by drug traffickers; the last digit of the number was off by one. While some of these facts could have innocent explanations if viewed in isolation, the sum of the evidence suffices to justify a reasonable jury in finding Cruz guilty beyond a reasonable doubt.
 
 II
 
 6
 When the admissibility of evidence is an essentially factual decision, we review for abuse of discretion. Evidentiary rulings not involving constitutional error will be reversed for abuse of discretion only if we cannot say with fair assurance that the error did not substantially affect the verdict. United States v. Hitt, 981 F.2d 422, 425 (9th Cir.1992). None of the evidentiary decisions Cruz challenges warrants reversal.
 
 
 7
 Cruz challenges as more prejudicial than probative the admission of his personal telephone book, accompanied by testimony from a law enforcement officer who told the jury he recognized two of the telephone numbers from a "collateral investigation." The numbers belonged to suspected drug dealers, the prosecution told the jury in closing argument. The government conceded at oral argument that an investigator's suspicions are not probative of a target's guilt, so that there was no probative value to the testimony that two of the phone numbers in Cruz's book were familiar from a collateral investigation. We believe the testimony linking Cruz through these numbers to a drug investigation was prejudicial, and thus that this particular testimony was more prejudicial than probative. See Fed.R.Evid. 403. However, the testimony that two phone numbers in Cruz's book were coded, in that they were one number off from actual working telephone numbers, was entirely proper, as was the officer's testimony that narcotics traffickers often code their telephone numbers to avoid detection. See United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987) (evidence showing a defendant has ties to narcotics trafficking relevant to show involvement in narcotics offense). Once this testimony is admitted, the prejudicial effect of the additional testimony--that two numbers in Cruz's book were in fact familiar from a "collateral investigation"--is limited. We can say with fair assurance that this additional information did not substantially affect the verdict.
 
 
 8
 Cruz also contests the admissibility of his probation documents and of Officer Meza's testimony recounting Cruz's behavior leading up to a previous arrest on drug charges. The government offered the evidence at trial to impeach Cruz. However, extrinsic evidence of specific instances of other conduct may not be offered for impeachment purposes. Fed.R.Evid. 608(b); United States v. Bosley, 615 F.2d 1274, 1276-77 (9th Cir.1980). On appeal, we uphold the admissibility of this evidence on different grounds. The probation documents were relevant as direct evidence tying Cruz to 211 Duke Lane, as he had listed this as his address on the documents. Officer Meza's testimony was admissible under Fed.R.Evid. 404(b) as tending to show Cruz's knowledge with regard to the drug trafficking taking place out of his mobile home. See United States v. Arambula-Ruiz, Slip op. 1871, 1878-79 (9th Cir. March 3, 1993). That these two pieces of evidence also served to impeach Cruz does not make them inadmissible. United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir.1991); United States v. Halbert, 712 F.2d 388, 390-91 (9th Cir.), cert. denied, 465 U.S. 1005 (1984).
 
 
 9
 Finally, Cruz cites United States v. Ordonez, 737 F.2d 793 (9th Cir.1984), for the proposition that the district court committed plain error in admitting as a drug ledger a document not written by Cruz or any of his co-conspirators. This case is distinguishable from Ordonez, however, in that the entries in the ledger were not introduced as evidence that the transactions they purported to record had in fact occurred. Cruz's case more nearly resembles United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir.1991), in which we upheld the admission of a drug ledger as evidence linking the place where it was found with drug activity. Id. at 1383-84; accord United States v. Huguez-Ibarra, 954 F.2d 546, 552-53 (9th Cir.1992). Here, the notebook and the expert testimony interpreting it as a drug ledger were offered as evidence that the place where the ledger was found, a place right next to documents bearing Cruz's name, was linked to drug trafficking. We find no plain error in the admission of this evidence.
 
 III
 
 10
 Cruz contends that his trial was improperly joined with that of two codefendants, who were charged with firearms as well as drug crimes. But joinder is proper under Fed.R.Crim.P. 8(b) when the indictment alleges a common scheme involving all codefendants. United States v. Felix-Gutierrez, 940 F.2d 1200, 1208 (9th Cir.1991). Here, the alleged common scheme was drug trafficking involving the narcotics at 211 Duke Lane. The firearms counts were part of this common scheme because they charged two defendants with possession of firearms during and in relation to drug trafficking crimes. See 18 U.S.C. § 924(c). After de novo review of the district court's application of Rule 8, see United States v. Kaplan, 895 F.2d 618, 621 (9th Cir.1990), we conclude no error occurred.
 
 
 11
 Nor do we find that the district court abused its discretion in denying Cruz's motion to sever under Fed.R.Crim.P. 14. See United States v. O'Neal, 834 F.2d 862, 866 (9th Cir.1987). There is no reason to believe the jury was unable to segregate the evidence against Cruz from the evidence against his codefendants. Id.
 
 IV
 
 12
 Cruz contends he was denied a fair trial because of improper closing argument, in particular, counsel's argument that he lied and counsel's repeated attempts to link him to drug dealers. We review for abuse of discretion the district court's decision to permit comment in closing argument, United States v. Makahluta, 790 F.2d 1400, 1403 (9th Cir.1986), and find none. While the prosecutor may not inject his personal opinion about a defendant's truthfulness, he may argue that a defendant lied when this is a reasonable inference that may be drawn from the evidence. See United States v. Laurins, 857 F.2d 529, 539-40 (9th Cir.), cert. denied, 492 U.S. 906 (1989). Most of the prosecutor's statements linking Cruz to drug dealing and drug dealers were likewise permissible as reasonable inferences drawn from the evidence. See United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.), cert. denied, 495 U.S. 930 (1990). The exception is the prosecutor's argument based on the coded telephone numbers in Cruz's phone book, where the jury should not have been told that the numbers belonged to targets of a collateral investigation, or specifically to drug dealers. However, for the reasons discussed in Part II above, we find this error to have been harmless.
 
 V
 
 13
 Finally, Cruz challenges the use of an allegedly unconstitutional prior conviction in figuring his sentence under the Sentencing Guidelines. Specifically, he argues that his nolo contedere plea in a previous state court prosecution was not knowing and intelligent because he does not remember having the specifics of the crime explained to him. However, the defendant bears the burden of proving by a preponderance of the evidence that his prior conviction was constitutionally deficient, United States v. Newman, 912 F.2d 1119, 1121-22 (9th Cir.1990), a burden he has not carried here.
 
 
 14
 Cruz was represented by counsel in the prior proceedings and was advised, according to the transcript of the change of plea hearing, of the general terms of the charge to which he pled. At the time, Cruz indicated that he understood the consequences of his plea agreement and was pleading freely and voluntarily. Nor does he now allege that he had "such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt," see Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976), but only that he does not remember whether counsel explained the specific elements of the crime to him. We have held, however, that "[t]he record need not necessarily show that every element of the crime was explained in detail to defendant...." Sober v. Crist, 644 F.2d 807, 809 (9th Cir.1981). The record shows that the crime was explained at least in general terms to the defendant, so that the gaps in Cruz's memory do not alone discharge the burden of showing that the prior plea was not knowing and intelligent. See United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990) ("[i]n the absence of specific testimony or other evidence concerning [defendant's] lack of understanding," burden of showing defendant was not adequately apprised of charges against him is not discharged where other evidence supports contrary inference).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3