67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Earl JONES, Defendant-Appellant.
 No. 94-10343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided Sept. 22, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Michael Earl "Spike" Jones ("Jones") appeals his conviction and sentence for two counts of possession of a controlled substance with intent to distribute and one count of conspiracy to possess a controlled substance with intent to distribute. He argues (1) insufficient evidence existed to convict him of conspiracy, (2) rational jurors could not have accepted as true the testimony of the government's informant, (3) the district court improperly denied his motion to sever, and (4) the district court erred in calculating his sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 I. SUFFICIENCY OF EVIDENCE ON CONSPIRACY COUNT
 
 
 4
 Jones argues that rational jurors could not have found beyond a reasonable doubt that he conspired with Eugene "Pinkie" Earl to possess cocaine with the intent to distribute. Evidence is sufficient to support conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Rubio-Villareal, 967 F.2d 294, 296 (quoting Jackson v. Virginia, 443 U.S. 307 (1979) (emphasis in original)); United States v. Segura-Gallegos, 41 F.3d 1266 (9th Cir.1994). In determining sufficiency of evidence, all the evidence and the inferences to be drawn from that evidence must be viewed in the light most favorable to the government. See Rubio-Villareal, 967 F.2d at 296.
 
 
 5
 At the time Jones was convicted, Ninth Circuit law identified the following essential elements of a conspiracy: (1) an agreement to accomplish an illegal objective, (2) the commission of an overt act in furtherance of the conspiracy, and (3) the requisite intent to commit the underlying offense.[1] See United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993) (citing United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989)). An agreement may be inferred from the defendant's acts, or from other circumstantial evidence, and the defendant's proximity to the scene of illicit activity may support an inference when viewed in context with other evidence. Id. Once the existence of a conspiracy is shown, the Government need only prove a slight connection between the defendant and the conspiracy. Id.
 
 
 6
 Viewing the evidence presented at Jones' trial in the light most favorable to the Government, sufficient evidence existed to support the conspiracy conviction: Jones and Sam Douglas, the government's informant, went to the 1936 Carver Street house on the morning of October 22, 1992. Douglas testified that the Carver Street residence was "Pinkie's house," and that Pinkie (Jones' co-conspirator) let them into the house. Once inside, Douglas observed both powder and rock cocaine in plain view. The cocaine was on a table, and Pinkie was sitting on the table. Jones held a firearm while he spoke with Douglas. As Douglas testified at trial, he and Jones engaged in a colloquy during which Douglas asked if he could "Get a grip" (meaning "Can you sell me some drugs") and Jones responded that he could get Douglas anything he wanted. Douglas asked Jones how long it would take him to be ready and Jones responded, "Do you have the money?"[2] :
 
 
 7
 This evidence, when viewed in the light most favorable to the government, indicates that Jones, while in the home of his alleged co-conspirator, Pinkie, and with cocaine in open view, told Douglas, in response to Douglas's request for drugs, "I can get you anything you want." The evidence further indicates that this discussion occurred in Pinkie's presence. Given these facts, a rational juror could have concluded that Jones and Pinkie had an agreement to distribute drugs and that Jones had the requisite intent to carry out their plan. Moreover, under the Ninth Circuit's pre-Shabani standard, a rational juror could have found that Jones committed an overt act in furtherance of that plan when he had his discussion with Douglas at the Carver Street residence. Thus, Jones' charge of insufficient evidence on the conspiracy claim fails.
 
 II. CREDIBILITY OF THE GOVERNMENT INFORMANT
 
 8
 Jones also argues that rational jurors could not have found Douglas's testimony sufficiently credible to support Jones' conviction on Counts I and II of the indictment. As this Court has noted, however, when a jury is informed of challenges to a witness's credibility and it nevertheless believes the witness, a reviewing court should not upset the jury's credibility determination. United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994). Because Douglas's testimony was not incredible on its face, see United States v. Lopez, 803 F.2d 969 (9th Cir.1986), the jury was within its prerogative to believe that testimony.
 
 III. MOTION TO SEVER
 
 9
 Jones argues the district court abused its discretion in refusing to sever Counts One and Two of the indictment, which concern the events of October 22, 1992, from Counts Three and Four, which concern the events of May 6, 1993. His argument is without merit.
 
 
 10
 Federal Criminal Procedure Rule 8(a) provides that two offenses may be charged in the same indictment if the offenses are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." In this case, the district court concluded that, "[b]ased on the similarity of character of the [possession] counts and the fact that common scheme evidence may link the counts," severance was not warranted. The court also found "no reason to believe that the jury would not be able to compartmentalize the evidence and judge each count separately and objectively." The court therefore denied Jones' motion.
 
 
 11
 This Court has held that the proper test to determine the propriety of a denial of a motion to sever is "whether joinder was so prejudicial to [the] defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way." United States v. O'Neal, 834 F.2d 862 (9th Cir.1987). Thus, a defendant seeking reversal of a district court's denial of his motion to sever must demonstrate clear, manifest or undue prejudice from a joint trial. United States v. Arias-Villanueva, 998 F.2d 1491, 1506 (9th Cir.1993).
 
 
 12
 Jones correctly notes that there was no overlap between the evidence relevant to Counts One and Two and the evidence relevant to Counts Three and Four. He also argues that the two possession counts are only similar in that they both involve possession of a controlled substance. Jones, however, fails to demonstrate how he was prejudiced by the joint trial. The evidence concerning the October 22 and May 6 incidents were uncomplicated, easy to compartmentalize, and sufficiently distinct to make it unlikely that the jury confused the facts pertinent to each count. Moreover, the jury was instructed that it should consider the offenses charged separately and that its verdict on one count should not control its verdicts on the other counts. Under these facts, the district court's joinder of the counts was not error.
 
 
 13
 IV. SENTENCE ENHANCEMENT BASED ON THE POSSESSION OF A DANGEROUS WEAPON
 
 
 14
 Jones argues that the district court erred in increasing his Base Offense Level pursuant to U.S.S.G. Sec. 2D1.1(b)(1), which provides for a two-level increase for narcotics offenses when the defendant possesses a dangerous weapon. He asserts that, because he was acquitted of using a firearm in relation to the drug trafficking incident on May 6, 1993 (see 18 U.S.C. Sec. 924(c)(1)), the district court could not properly rely on the dangerous weapon enhancement. Further, he claims that it was improper to find use of a dangerous weapon in connection with the October 22, 1992 incident because he was not charged with using a weapon in that incident.
 
 
 15
 To enhance Jones' sentence, the district court needed only to find by a preponderance of the evidence that Jones "possessed" a dangerous weapon (here, a firearm) during the commission of the offense. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991). This Court reviews the district court's finding for clear error. United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991).
 
 
 16
 The evidence presented a trial indicated that Jones held a gun while he spoke with Douglas at the Carver Street house on October 22, 1992. The district court did not clearly err in concluding from this evidence that Jones possessed a dangerous weapon during the commission of a narcotics offense. The enhancement was therefore appropriate.
 
 
 17
 V. AMOUNT OF CONTROLLED SUBSTANCES ATTRIBUTABLE TO JONES FOR PURPOSES OF SENTENCING
 
 
 18
 Jones' final argument on appeal is that the district court erred in not making an individualized determination, pursuant to U.S.S.G. Sec. 1B1.3, of the amount of cocaine attributable to him as a member of the conspiracy. The government correctly notes, however, that Jones failed to present this argument to the district court either in his response to the Presentence Report or at the sentencing hearing. The argument is therefore waived. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990).
 
 VI. CONCLUSION
 
 19
 The judgment and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since Jones' trial, however, the Supreme Court has held that a defendant need not commit an overt act in furtherance of a conspiracy to distribute cocaine in order to be convicted of conspiracy under 21 U.S.C. Sec. 846. See United States v. Shabani, 115 S.Ct. 382 (1994). Shabani directly overrules the Ninth Circuit law in effect when Jones was convicted
 Jones argues that Shabani "should not be applied retroactively," and that the case therefore has no impact on his sufficiency of evidence claim. However, because the evidence presented by the Government included evidence of an overt act, we need not decide whether Shabani applies retroactively to this case to conclude that sufficient evidence existed to support Jones' conspiracy conviction.
 
 
 [2]
 Jones argues that his alleged statements, as testified to by Douglas, were hearsay and therefore inadmissible. Jones is incorrect; his statements were admissions, and therefore were not hearsay. See Fed.R.Evid. 801(d)(2)