**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul E. SILVA, Defendant–Appellant.**

No. 03–50458.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided July 1, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

FED. R.APP. P. 34(a)(2).

U.S. Attorney, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Michell Villasenor–Grant, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

## ORDER

The memorandum disposition filed on November 1, 2004, is withdrawn and replaced by the attached memorandum disposition.

With these amendments, the petition for panel rehearing and the petition for rehearing en banc are DENIED.

No further petition for rehearing will be entertained.

Appellant's motion to file supplemental briefing is DENIED as moot.

## MEMORANDUM **

Paul Silva appeals his convictions and sentence for importation of marijuana and possession of marijuana with intent to distribute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Silva's convictions. In light of the Supreme Court's decision in *United States v. Booker*[1] and our subsequent decision in *United States v. Ameline*,[2] we remand for a determination of whether the district court would have imposed a materially different sentence if it had known that the United States Sentencing Guidelines were advisory rather than mandatory. Because the

1. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. 409 F.3d 1073 (9th Cir.2005) (en banc).

parties are familiar with the facts, we do not recount them here.

The district court properly permitted the joinder of multiple counts in the indictment relating to two separate offenses.[3] Federal Rule of Criminal Procedure 8(a) allows joinder of charges that are of the same or similar character.[4]

■ The district court acted well within its discretion when it denied the motion to sever the counts related to the January 2002 offense from the counts related to the July 2002 offense.[5] Even if that decision had been an abuse of discretion, Silva failed to renew his motion to sever under Federal Rule of Criminal Procedure 14(a) at the close of the evidence and did not diligently pursue the motion. Thus, he forfeited the issue on appeal.[6]

■ The district court properly allowed the Government to call an expert rebuttal witness.[7] Federal Rule of Criminal Procedure 16 does not require the Government to give notice of expert rebuttal testimony.[8] In addition, Rule 12.2.1(c) of the Local Criminal Rules for the United States District Court for the Southern District of California requires notice of the Government's intention to put on an expert rebuttal witness only "[i]n the event that the government causes the defendant to be examined by one or more psychiatrists or experts."[9] Dr. Delis did not personally interview Silva. Thus, Rule 12.2.1.(c) does not require notice in this case.

The district court properly found Silva competent to stand trial and competent to be sentenced.[10] A psychologist's evaluation supported each of the district court's determinations of competency.

The unrebutted testimony of the two Government witnesses regarding the amount of marijuana recovered supported the jury's verdict. Viewing the evidence presented in the light most favorable to the prosecution, a rational trier of fact could find that at least fifty kilograms of marijuana were involved in the January 2002 seizure.[11]

We review the sentencing issues Silva raises on appeal for plain error.[12] We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the United States Sentencing Guidelines were advisory rather than mandatory, as the Supreme Court held in *Booker*.[13] Therefore, under *Ameline*, we

3. *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990) (stating that the court reviews *de novo* a claim of misjoinder of charges in the indictment); *see United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir.2001) (holding that two counts of being a felon in possession of a firearm were properly joined).

4. FED. R.CRIM. P. 8(a).

5. *See United States v. O'Neal*, 834 F.2d 862, 866 (9th Cir.1987).

6. *See United States v. Vasquez–Velasco*, 15 F.3d 833, 845 (9th Cir.1994).

7. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000) (stating that the court reviews a decision to admit expert testimony for an abuse of discretion).

8. FED. R.CRIM. P. 16(a)(1)(G).

9. S.D. CAL. LOCAL CRIM. R. 12.2.1(c).

10. *See United States v. Timbana*, 222 F.3d 688, 700–01 (9th Cir.2000) (stating that the court reviews a determination of competency for clear error).

11. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (setting forth standard of review).

12. *Ameline*, 409 F.3d at 1078.

13. 125 S.Ct. at 764–65.

remand for the limited purpose of making that determination.[14] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

14. *See Ameline,* 409 F.3d at 1085.